IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-02653-PAB

KIMBERLY MASON f/k/a KIMBERLY BOLLES,

    Plaintiff,

v.

FOOTHILLS FARM, RLLLP and
ALBERTSONS COMPANIES, INC., d/b/a SAFEWAY,

    Defendants.

## ORDER

    The Court takes up this matter *sua sponte* on the Notice of Removal [Docket No. 1] of defendant Albertson's, LLC ("Albertson's"). Albertson's states that the Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332. Docket No. 1 at 2, ¶ 6.

    In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Second, regarding subject matter jurisdiction, "the consent of the parties is

irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to challenge jurisdiction." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (internal citations omitted). Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed. *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009); *see, e.g.*, *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 33 (3d Cir. 2018) (finding, after "years of litigation" and entry of judgment, that the record was insufficient to establish federal jurisdiction).

In its Notice of Removal, Albertson's asserts that the Court has diversity jurisdiction under 28 U.S.C. § 1332. Docket No. 1 at 2, ¶ 6. Pursuant to that section, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).

On September 19, 2019, Magistrate Judge Kathleen M. Tafoya ordered Albertson's to show cause on or before October 10, 2019 why the case should not be remanded to the Pueblo County District Court due to a lack of subject matter jurisdiction. Docket No. 10. Specifically, the magistrate judge noted that Albertson's had failed to allege the citizenship of the members of Foothills Farm, RLLLP or of its own members and, for this reason, she was unable to determine whether complete diversity of citizenship exists. *Id.*; *see also Siloam Springs Hotel, L.L.C. v. Century*

*Surety Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) ("[I]n determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members."). The Court also notes that Albertson's Notice of Removal contains insufficient allegations of plaintiff's citizenship. Albertson's alleges that "Plaintiff resides at 3810 290 Street, Oto IA 51004." Docket No. 1 at 3, ¶ 10. However, residency is not synonymous with domicile, *see Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another.") (citations omitted)), and only the latter is determinative of a party's citizenship. *See Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity.").

Albertson's did not respond to the magistrate judge's order to show cause. As a result, the Court finds that Albertson's has failed to meet its burden of demonstrating that diversity of citizenship exists and that the Court has subject matter jurisdiction over this matter. *See Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004) ("The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter."). Because Albertson's did not show cause why the case should proceed and has failed to establish a basis for removal, it is

**ORDERED** that this matter is remanded to the District Court for the County of Pueblo, Colorado, where the case was filed as case number 2019CV30508. It is further

**ORDERED** that this case is closed.

DATED October 15, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge